MOORE v. MOORE.

(Supreme Court, Appellate Division, First Department.   December 23, 1910.)

CONTEMPT (§ 66*)—DISMISSAL—STAY—GROUNDS.

One against whom a judgment is rendered and an order entered committing him for contempt for failing to comply with the judgment has an absolute right to have the judgment and order reviewed by appeal, and his appeal will not be dismissed or stayed until he subjects himself to the court's jurisdiction or complies with the judgment, where he left the jurisdiction, so that the order committing him for contempt cannot be executed.

[Ed. Note.—For other cases, see Contempt, Dec. Dig. § 66.*]

See, also, 126 N. Y. Supp. 413.

Argued before INGRAHAM, P. J., and CLARKE, DOWLING, MILLER, and SCOTT, JJ.

Morgan J. O'Brien, for the motion.
Abraham Snydecker, opposed.

PER CURIAM.   This is a motion to dismiss an appeal from a judgment in favor of the plaintiff entered on the 1st day of April, 1910, and also an appeal from an order entered on the 6th of October, 1910, punishing the defendant for contempt in failing to obey the said judgment, or, in the alternative, staying the defendant's proceedings upon the appeal until he subjects himself to the jurisdiction of the court or complies with the said judgment.

This action was brought to enforce a judgment obtained in the state of Pennsylvania, by which the defendant was required to pay to the plaintiff, as alimony, a certain sum of money.   The ground of this motion is that after the judgment was rendered a certified copy was duly served on the defendant, and after the order was made committing him for contempt for refusing to comply with this judgment he left this state, and has since resided in the state of New Jersey.   The effect of granting this motion would be to prevent the defendant from having the judgment and the order to enforce the same reviewed, because he has failed to comply with the judgment and has left the jurisdiction, so that the order committing him for contempt for failing to comply with the judgment could not be executed.

So far as appears from the papers before us, the defendant has proceeded regularly with his appeals; and we do not think he should be deprived of his right to review the judgment because he has failed to comply with its terms, nor that the court is justified in dismissing an appeal because of a failure of the defendant to obey it.   Undoubtedly

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the court would be justified in refusing to grant to the defendant any favor that he should ask while he is in contempt and refuses to submit to the jurisdiction of the court; but he has an absolute right to review the judgment and order appealed from, and that right should not be taken away because he has failed to obey the judgment sought to be reviewed.

The motion to dismiss the appeal or stay the defendant's proceedings is therefore denied, without costs.